■ JAMES E. BENNET, Respondent, v. BREITENBACH CHEMISTS, INC., Appellant.— Determination of the Appellate Term and final order of the Municipal Court reversed, · on the law, and the petition dismissed, with costs to the appellant in this court and in the Appellate Term. The statute (Business Rent Law, § 8, subd. [k]; L. 1945, ch. 314, as amd.) provides that the proposed lease with the prospective tenant (required to be matched by the present tenant) shall be "non-cancellable except for the violation of any term or obligation of such lease". The proposed lease here did not meet these requirements. The proposed lease contained provisions authorizing an assignment by the individual prospective tenants to a corporation to be formed by them, with at least 51%

of the stock to be owned by them, in which event it was provided that all liability on their part should " cease and terminate and there shall be no further responsibility on the part of the said individuals by reason of the execution of the within lease ". And, as we read the lease, the assignment and consequent release of named tenants are effective without the corporation's assuming the terms of the lease. Thus, the individually named tenants in the proposed lease have it within their power by an assignment to be relieved of liability under the lease and the landlord may not hold the assignee corporation to the lease. So, we have here, in effect, a lease which is cancelable by the individual tenants by their unilateral act of assigning to a corporation to be formed by them. In fact, the lease here is in effect so written that it could bind one of two prospective tenants, to wit, the named individuals or their assignee, or be binding on neither; and such a proposed lease is not in compliance with the statute. Motion for a stay dismissed, having become academic by virtue of the decision herein. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.